IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02659-BNB

RUDY STANKO, individually, and on behalf of similarly situated prisoners,

Applicant,

v.

BLAKE DAVIS, Local Director/Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. He filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case and pursuant to *Redmon v. Wiley*, 550 F. Supp. 2d 1275 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. If Respondent does not intend to raise this affirmative defense, Respondent must notify the Court of that decision in the Preliminary

Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances. Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies.

The Court notes that, in the Application, Applicant also names the Harley Lappin, BOP director, as a respondent. Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2243; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), the caption of this Order only lists Blake Davis as Respondent. Accordingly, it is

ORDERED that **within twenty (20) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty (20) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response. It is

FURTHER ORDERED that the only proper Respondent for the purpose of service is Blake Davis.

DATED December 19, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02659-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Blake Davis
c/o Christopher B. Synsvoll
Attorney Advisor
**DELIVERED ELECTRONICALLY**

United States Attorney General  - **CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Chris Synsvoll for service of process on Blake Davis; to The United States Attorney General; and to the United States Attorney's Office: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 12/08/08 on 12/19/08 .

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk