IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02659-PAB-CBS

RUDY STANKO,
    Plaintiff,
v.

BLAKE DAVIS, Local Director/Warden, and
HARLEY LAPPIN, National Director,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Stanko's Motion to Compel (filed January 15, 2009) (doc. # 18). Pursuant to the Order of Reference dated January 16, 2009 (doc. # 19) and the memorandum dated January 27, 2009 (doc. # 25), this matter was referred to the Magistrate Judge. The court has reviewed Mr. Stanko's Motion, Respondents' Response (filed January 21, 2009 (doc. # 23), Mr. Stanko's Reply (filed January 26, 2009 (doc. # 24), the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Stanko filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") on December 8, 2008, alleging that: (1) "Federal Regulation 28 CFR Part 570 circumvents the intent of Congress" and "violates the Petitioner's 'liberty interest;'" (2) "Respondents have violated the Petitioner's 'liberty interest' by failing to follow the intent of Congress . . . when they refuse to release and transfer the Petitioner" to community corrections; and (3) Respondents' failure "to release the

1

Petitioner" is "in violation of the constitutional prohibited Bill of Attainder clause, and which dovetails with the 5th and 14th Amendments' 'due process/equal protection under the law' clauses." (*See* doc. # 3 at pp. 5-6 of 19). Mr. Stanko moves to compel Respondents "to produce the documents requested . . .," consisting of Bureau of Prisons ("BOP") memoranda, forms, and statistical reports, as well as information regarding other inmates in the BOP. (*See* doc. # 18 at pp. 1-3).

Discovery is limited in a habeas action. *See Crownhart v. Reid*, 2008 WL 4225853 (D. Colo. 2008) (denying discovery in § 2241 habeas action).[1] On January 21, 2009, District Judge Brimmer ordered Respondents to file a response to the Petition on or before February 9, 2009. As the response is not yet due or filed, neither Mr. Stanko nor the court have been apprised of Respondents' position with regard to the Petition. The court has not made a determination that discovery is necessary or appropriate. *See Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) ("The rules of pretrial discovery, . . . are not applicable to habeas corpus proceedings, unless they are necessary to help the court dispose of the matter as law and justice require.") (internal quotation marks and citation omitted). In light of the limitations on discovery in habeas actions, Mr. Stanko's request for documents is premature.

Accordingly, IT IS ORDERED that:

1. Mr. Stanko's Motion to Compel (filed January 15, 2009) (doc. # 18) is DENIED at this time.

2. Mr. Stanko's "Submission of Admissions Pursuant to Fed. R. Civ. P. Rule

---

[1] A copy of this unpublished decision was provided by Respondents to Mr. Stanko. (*See* doc. # 23-2).

36(a)(3)" (filed January 16, 2009) (doc. # 20) is hereby STRICKEN.

DATED at Denver, Colorado, this 28th day of January, 2009.

BY THE COURT:


　　s/Craig B. Shaffer
United States Magistrate Judge