IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02659-PAB-CBS

RUDY STANKO,
        Plaintiff,

v.

BLAKE DAVIS, Local Director/Warden,[1] and
HARLEY LAPPIN, National Director,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Mr. Stanko's Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed December 8, 2008)

(doc. # 3).  Pursuant to the Order of Reference dated January 16, 2009 (doc. # 19), this

civil action was referred to the Magistrate Judge to, *inter alia*, "[s]ubmit proposed

findings of fact and recommendations . . . ."


I.        Statement of the Case

        Mr. Stanko is a federal prisoner currently incarcerated at the Federal

Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute").  (*See* Federal

Bureau of Prisons Inmate Locator, www.bop.gov).  On August 3, 2006, Mr. Stanko was

sentenced by the United States District Court for the District of Nebraska to 72 months

_____

        [1]    Blake Davis, who was the Warden of FCI Englewood when Mr. Stanko filed his
Petition, is no longer the Warden.  As custodian of Mr. Stanko, the current Warden of
FCI Englewood is the proper Respondent in this action.

imprisonment with a three year term of supervised release for his conviction of being a Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1).  (*See* Declaration of Theresa Montoya (doc. # 27-2 at ¶ 2)).  At the time the Petition was filed, Mr. Stanko was incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood").  (*See* doc. # 3).[2]   Mr. Stanko has a projected release date of June 20, 2011, via good conduct time.  (*See* doc. # 27-2 at ¶ 2;  *see also* Federal Bureau of Prisons Inmate Locator, www.bop.gov (projecting release date as August 29, 2011)).

Mr. Stanko sets forth three claims challenging the Bureau of Prisons' ("BOP") implementation of the Second Chance Act of 2007 ("SCA"), Pub.L.No. 110-199. Among its many provisions, the SCA changes the BOP's statutory authority for making pre-release Residential Re-entry Center ("RRC") placement decisions.  Section 251(a) of the SCA amends 18 U.S.C. § 3624(c) to require that the Director of the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c)(1).  Further, § 3624(c) is amended to state that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  18 U.S.C. § 3624(c)(2).  The BOP made changes in its regulations to conform to the specific language in section 251(a) of the SCA.  (*See* Ex.

---

[2]   Transfers do not divest the reviewing court of its jurisdiction.  *See Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990) (jurisdiction over habeas petition is determined when petition is filed) (citations omitted).

A to "Answer to Application for Writ of Habeas Corpus" (doc. # 27-2) ¶¶ 4-5).

In Claim One, Mr. Stanko contends his liberty interest has been violated by the Director's substitution of discretionary language for mandatory language in the Act.  Mr. Stanko alleges that "Federal Regulation 28 CFR Part 570 circumvents the intent of Congress and the President, and violates the Petitioner's 'liberty interest' when the Director of the Bureau of Prisons promulgated this regulation by substituting his discretionary language of 'may' in 28 CFR § 570.21 for 'shall' at 42 USC § 17541(a)(2)A) and 18 USC § 3624(c)(1)."  (*See* Petition (doc. # 3) at p. 5 of 19).  In Claim Two, Mr. Stanko asserts that his liberty interest was violated when the Respondent refused to release and transfer him to an RRC for twelve months, followed by six months' home confinement, pursuant to the Second Chance Act.  (*See id.*).  He alleges that "[t]he Respondents violate the Petitioner's 'liberty interest' by failing to follow the intent of Congress and the plain meaning of the Congressional mandatory language 'shall' embedded in the Second Chance Act of 2007 (SCA), when they refuse to release and transfer the Petitioner to twelve (12) months of Community Correctional Confinement (CCC) and six (6) months of home confinement."  (*See* Petition (doc. # 3) at p. 5 of 19).  In Claim Three, Mr. Stanko asserts an Equal Protection and Bill of Attainder violation based on the allegation that, pursuant to the SCA, the Respondent releases other prisoners who are 65 or older based on the SCA's 25% reduction of prison terms for inmates of that age, thereby discriminating against and punishing younger inmates. (*See id.* at p. 6 of 19).  He alleges that "[t]he  Respondents fail to release the Petitioner, as they release other prisoners, who are sixty-five (65) years or

older and 25% of their prison time is reduced, in violation of the constitutional [sic] prohibited Bill of Attainder clause, and which dovetails with the 5th and 14th Amendments 'due process/equal protection under the law' clauses." *Id.* Mr. Stanko also alleges that he brings this action as a class action and seeks to have the BOP's regulations relating to the SCA declared invalid. (*See id.* at pp. 7-8 of 19). As further relief he seeks transfer to an RRC for twelve months, followed by six months home confinement. *Id.*

On July 23, 2009, the court ordered Mr. Stanko to show cause in writing why the Petition should not be denied and dismissed with prejudice as a successive petition that constitutes an abuse of the writ. The court has reviewed the Petition, Respondents' Answer (filed February 9, 2009) (doc. # 27), Mr. Stanko's "Reply to the Response of the Respondent's to the Famous Second Chance Act (SCA) now known as the No Chance Act [sic]" ("Traverse") (filed March 12, 2009) (doc. # 36), Mr. Stanko's "Declaration in Support . . ." (filed March 12, 2009) (doc. # 37), Mr. Stanko's "Show Cause Why the Petition Should Not Be Denied or Dismissed" (filed August 21, 2009) (doc. # 41), Mr. Stanko's "Declaration in Support of Show Cause" (filed August 21, 2009) (doc. # 42), the exhibits, the entire case file, and the applicable law, and is sufficiently advised in the premises.

II.     Analysis

The court has determined, based upon its own research, that Mr. Stanko has previously made identical claims in *Stanko v. Rios*, Civil No. 08-cv-04991-JNE-JJG,

4

2009 WL 1303969 (D. Minn. May 8, 2009).  Mr. Stanko filed a petition for writ of habeas corpus pursuant to § 2241 on or about August 22, 2008, wherein he asserted: (1) that the "Respondents fail to release the Petitioner, as they release other prisoners, who are sixty-five (65) years or older and 25% of their prison time is reduced, in violation of the constitutional[ly] prohibited Bill of Attainder clause, and which dovetails with the 5th and 14th Amendments 'due process/equal protection under the law' clauses;" and (2) "[t]he Respondents violate the Petitioner's 'liberty interest' by failing to follow the intent of Congress and the plain meaning of the Congressional mandatory language 'shall' embedded in the Second Chance Act of 2007 (SCA), when they refuse to release and transfer the Petitioner to twelve (12) months of Community Correctional Confinement (CCC) and six (6) months of home confinement."  (*See* "Amended Petition for the Extraordinary Constitutional, Statutory, and/or Great Writ of Habeas Corpus Ad Subjiciendum" (doc. # 5 filed on September 5, 2008 in Civil No. 08-cv-04991-JNE-JJG (D. Minn.)).[3]  Mr. Stanko further asserted a class action and that "Respondents have circumvented and violated" the Second Chance Act "by failing to issue[ ] regulations within 90 days, while clandestinely issuing an inner-department memo, . . ." (*See id.*; *see also* Petition (doc. # 3) at pp. 4, 7 of 19 (alleging issuance of clandestine "inner-department memo" and class action)).  The District Court for the District of Minnesota denied Mr. Stanko's § 2241 application on its merits and dismissed the case with prejudice.  *See Stanko v. Rios*, 2009 WL 1303969 at * 9.  Mr. Stanko's appeal from the denial of his § 2241 application is pending in the Eighth Circuit Court of Appeals.

_____

[3]   A copy of the Amended Petition in *Stanko v. Rios*, Civil No. 08-cv-04991-JNE-JJG is attached to this Recommendation.

5

Pursuant to 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Petitions for relief under § 2241 fall within the ambit of § 2244(a).  *See George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995) (applying abuse of the writ principles to § 2241 actions).  A district court properly dismisses a § 2241 petition as successive if a federal court has previously determined the validity of the petitioner's detention in a prior proceeding and no new claim is raised, or a new claim is raised that could have been raised previously, and the petitioner fails to demonstrate cause and prejudice or a fundamental miscarriage of justice.  *McCleskey v. Zant*, 499 U.S. 467, 483-85 (1991), *superseded by AEDPA as stated in Goldblum v. Klem*, 510 F.3d 204, 215-16 (3d Cir. 2007).  A petitioner must then demonstrate cause and prejudice or a fundamental miscarriage of justice if the claim is to be heard.  *George*, 62 F.3d at 335.  Provided the inmate is given notice and the opportunity to respond, the district court may raise the issue of successiveness *sua sponte*.  *See United States v. Barajas-Diaz*, 313 F.3d 1242, 1247 n. 7 (10th Cir. 2002) (district court could raise procedural bar *sua sponte*, provided inmate given notice and an opportunity to respond).

Claims Two and Three in the instant Petition are identical to the claims Mr. Stanko raised, denied, and dismissed in *Stanko v. Rios*, Civil No. 08 - cv - 04991 - JNE - JJG.  Mr. Stanko has not demonstrated why Claims Two and Three should not be

6

denied and dismissed with prejudice as successive claims that constitute an abuse of the writ.

Mr. Stanko argues that he could not have raised Claim One previously because he could not have challenged 28 CFR § 570.21 until after it was promulgated on October 21, 2008 (73 FR 62440 (doc. # 27-2 at p. 30 of 59)).  Mr. Stanko alleges in Claim One that the Director of the BOP violated his "liberty interest" by substituting the discretionary term "may" in 28 CFR § 570.21 for the mandatory term "shall" found in 42 USC § 17541(a)(2)(A) and 18 USC § 3624(c)(1).  (*See* Petition (doc. # 3) at p. 5 of 19; *see also* 28 CFR 570.21(a) and (b) (doc. # 27-2) at p. 33 of 59).  As early as June 22, 2007, Mr. Stanko challenged "the administration's interpretation of SCA that their discretion trumps the Congressional mandatory language of 'shall' in SCA . . . I demand at least a 12 month halfway house, pursuant to the mandatory Congressional language of '<u>shall</u>.' "  (*See* doc. # 27-2 at p. 49 of 59).  Claim One is sufficiently similar to the claims previously determined in *Stanko v. Rios*, Civil No. 08-cv-04991- JNE-JJG to be considered successive.  The District Court for the District of Minnesota determined that the SCA does not limit the BOP's discretion to place prisoners in halfway houses or community correctional centers.  *See* 2009 WL 1303969 at * 3.

Even if the court did not treat Mr. Stanko's Claim One as successive, it nevertheless fails on its merits.  The SCA does not mandate that Mr. Stanko is entitled to twelve months in a halfway house or community corrections center and six months of home confinement, as he contends.  (*See* Petition (doc. # 3) at p. 8 of 19).  The SCA vests the BOP with discretion in determining whether and how long to designate an

individual inmate to pre-release transition programming, after reviewing specific factors. *See* 18 U.S.C. § 3624(c) (Director must, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community").  *See also Jones v. Pearson*, 2009 WL 5217022 * 3 (S.D. Miss. Dec. 29, 2009) (SCA "does not require the BOP to grant an inmate's request for RRC placement for the full twelve months, but rather, to consider an inmate's request in accordance with the Act.");  *Fleischli v. Outlaw*, 2009 WL 3572663 * 3 (E.D. Ark. Oct. 26, 2009) ("nothing in the statutes, or any applicable case law, mandates that the BOP designate any inmate for RRC placement at any time, much less for the maximum twelve-month period provided by the Second Chance Act.");  *Daraio v. Lappin*, 2009 WL 303995 * 6 (D. Conn. Feb. 9, 2009) (noting "Congress' intent to place RRC placement decisions within the discretion of the BOP");  *Miller v. Lappin*, 2009 WL 166873 (W.D.Va. Jan 26, 2009) (doc. # 27-5) (The SCA "does not require the court or BOP officials to place Miller in community or home confinement for any portion of his sentence.  The decision regarding such placement remains discretionary.").[4]

Accordingly, IT IS RECOMMENDED that the Petition be DENIED and this civil action be DISMISSED with prejudice.

---

[4] Copies of these unpublished decisions are attached to this Recommendation.

**Advisement to the Parties**

Within *fourteen days* after service of a copy of the Recommendation, any party

may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of

the basis for the objection will not preserve the objection for *de novo* review.  "[A]

party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for de novo review by the district court or for

appellate review."  *United States v. One Parcel of Real Property Known As 2121 East*

*30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right

to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal*

*Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.

1992) (by their failure to file objections, plaintiffs waived their right to appeal the

Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

      DATED at Denver, Colorado, this 8th day of February, 2010.

                              BY THE COURT:


                                    s/Craig B. Shaffer
                             United States Magistrate Judge