IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02659-PAB-CBS

RUDY STANKO,

      Petitioner,

v.

BLAKE DAVIS,

      Respondent.

---

**ORDER**

---

      This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 45] ("the Recommendation") filed by Magistrate Judge Craig B. Shaffer. The magistrate judge recommends that the Court deny Petitioner Rudy Stanko's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3] ("the Petition"). Petitioner has filed a number of objections to the Recommendation. First, he filed an Objection to the Legislative Magistrate's Report and Recommendation and Motion to Strike It from the Record [Docket No. 46], wherein he claimed that he had not received a copy of the Recommendation but only learned of its existence through the docket sheet. He also objected to the magistrate judge's authority to issue the Recommendation. Second, after receiving a copy of the Recommendation, he filed a Second Objection to the Legislative Magistrate's Report and Recommendation and Motion to Strike It from the Record [Docket No. 49], which

was supplemented two days later by three additional exhibits [Docket No. 50]. Respondents filed responses to both objections [Docket Nos. 48, 51].

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). The Court has reviewed Petitioner's objections, his Petition, and the Recommendation under this standard. Because Petitioner is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Mr. Stanko's Petition makes three claims, each based upon the Bureau of Prisons' implementation of the Second Chance Act of 2007. Specifically, Mr. Stanko seeks his transfer to Community Correctional Confinement ("CCC") to be followed by a period of home confinement. His first claim is that "Federal Regulation 28 CFR Part 570 circumvents the intent of Congress and the President, and violates the Petitioner's 'liberty interest' when the Director of the Bureau of Prisons promulgated this regulation by substituting his discretionary language of 'may' in 28 CFR § 570.21 for 'shall' at 42 USC § 17541(a)(2)A) and 18 USC § 3624(c)(1)." Docket No. 3 at 5. Petitioner's second claim alleges that "[t]he Respondents violate the Petitioner's 'liberty interest' by failing to follow the intent of Congress and the plain meaning of the Congressional mandatory language 'shall' embedded in the Second Chance Act of 2007 (SCA), when they refuse to release and transfer the Petitioner to twelve (12) months of Community Correctional Confinement (CCC) and six (6) months of home confinement." Docket No. 3 at 5. In his third claim, Mr. Stanko asserts Equal Protection and Bill of Attainder violations based on the Respondents releasing prisoners who are 65 or older based on

the Second Chance Act's 25% reduction of prison terms for inmates of that age, thereby discriminating against and punishing younger inmates. Docket No. 3 at 6. Mr. Stanko alleges that he is 61 years old. *Id.* at 2A.

The magistrate judge recommends that each of Petitioner's three claims be dismissed as successive habeas corpus petitions. The magistrate judge makes this recommendation sua sponte based on his discovery of Mr. Stanko's § 2241 petition, filed in August 2008, in Case No. 08-cv-04991-JNE-JJG in the District of Minnesota. On May 8, 2009, the district court in the District of Minnesota case adopted the recommendation of the assigned magistrate judge to dismiss Mr. Stanko's § 2241 petition. *Stanko v. Rios*, No. 08-4991 (JNE/JJG), 2009 WL 1303969 (D. Minn. May 8, 2009). The district court's order was affirmed on appeal. *Stanko v. Rios*, 366 F. App'x 706 (8th Cir. 2010). The Recommendation in this case concludes that Mr. Stanko raised each of his three claims in the District of Minnesota petition and, as a result, they are barred as successive petitions under 28 U.S.C. § 2244(a). Docket No. 45 at 6. In the alternative, the magistrate judge recommends that, even if Mr. Stanko's first claim is not barred as successive, it fails on the merits because the Second Chance Act does not limit the Bureau of Prisons' discretion to determine CCC placement. *Id*. at 7-8.

Petitioner's first objection to the Recommendation is that, pursuant to 28 U.S.C. § 636(c), he never consented to a magistrate judge conducting proceedings in regard to his case. Docket No. 46 at 1; Docket No. 49 at 1-3. Petitioner points out that he has filed several pleadings insisting an Article III judge issue all orders in this matter. *See* Docket Nos. 4, 9, 10. Although Petitioner did not consent to a magistrate judge exercising jurisdiction over his case, that fact does not mean the magistrate judge

inappropriately issued his Recommendation. The Court referred this matter to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). *See* Docket No. 19. Section 636(b)(1)(B) authorizes a magistrate judge to whom such a referral is made to issue recommendations on dispositive motions. Petitioner's consent was not required. *Hornsby v. Kaiser*, 35 F. App'x 846, 848 (10th Cir. 2002) (unpublished); *Garcia v. City of Albuquerque*, 232 F.3d 760, 765-66 (10th Cir. 2000). Thus, Petitioner's first challenge to the Recommendation is rejected.

Petitioner's second objection addresses the issue of whether his Petition is successive. He claims that the district court order in *Stanko v. Rios* in the District of Minnesota was not based on *de novo* review. Docket No. 49 at 6-7. Petitioner made the same argument in his appeal in that case, *see* 2009 WL 2955421, and it was implicitly rejected. *See Stanko v. Rios*, 366 F. App'x 706 (8th Cir. 2010). The Court finds, as the district court order in *Stanko v. Rios* plainly states, that it was based on a *de novo* review. Petitioner makes no other objection to the Recommendation on this issue.

Pursuant to 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Habeas corpus petitions filed pursuant to § 2241 are covered by § 2244(a). *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). Although the Court is not required to

review the grounds on which Mr. Stanko based his petition in *Stanko v. Rios* given his lack of a detailed objection, the Court has done so and agrees with the magistrate judge that his second and third claims in this case are the same as ones raised in the District of Minnesota case.

Moreover, the Court agrees with the Recommendation that the first claim is also a successive claim, having been raised in *Stanko v. Rios*. Although it is true that Mr. Stanko did not challenge 28 C.F.R. § 570.21 in *Stanko v. Rios*, his argument here is premised on 18 U.S.C. § 3624(c) limiting the discretion of the BOP to such an extent that § 570.21 is inconsistent with the statute. Petitioner's interpretation of § 3624(c) was rejected in *Stanko v. Rios*, 2009 WL 1303969 at *5. "In addressing the bar of successive and abusive writs, grounds may be considered the same even when supported by different legal arguments." *Stanko v. Davis*, 617 F.3d at 1270 (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)).

Having concluded that the Petition is barred pursuant to § 2244(a) as successive, there is no need for the Court to review Petitioner's other objections.

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 45] is ACCEPTED. It is further

ORDERED that Rudy Stanko's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3] is denied and this case is dismissed. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED November 3, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge